FILED

14 MAR 19 PM 2:46

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARDENA MARQUEZ, BOP #63465208,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>U.S. IMMIGRATION AGENT SCOTT,<br><br>　　　　　　　　　　Defendant. | Civil No.   13-CV-2507 BEN (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF Doc. No. 2]**<br><br>**(2) DENYING MOTION TO APPOINT COUNSEL [ECF Doc. No. 3]**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

   Juan Cardena Marquez ("Plaintiff"), a federal prisoner currently incarcerated at the United States Penitentiary in Lompoc, California, has submitted a civil action which the Court liberally construes to arise pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), insofar as it contains allegations of "physical assault[]" on the part of a federal agent at the time of Plaintiff's arrest near the U.S. / Mexican border in January 2012.  *See* Compl. (ECF Doc. No. 1) at 1-3.

///

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), along with a Motion to Appoint Counsel (ECF Doc. No. 3).

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding

---

[1] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted a prison certificate certified by a trust account counselor at USP Lompoc as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account certificate verifying his account history and available balances. Plaintiff's certificate indicates he has average monthly deposits of $34.66, and an available balance of $30.17 in his trust account at the time of filing. Based on this information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $6.93 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Warden of USP Lompoc, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### MOTION FOR APPOINTMENT OF COUNSEL (ECF Doc. No. 3)

Plaintiff also requests appointment of counsel because his claim is "meritorious," and he has been "unable to find an attorney willing to represent [him] on terms that [he] can afford." *See* Pl.'s Mot. for Appoint. Counsel (ECF Doc. No. 3) at 1.

///

Nonetheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. However, a finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court notes that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a person proceeding pro se, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better–particularly in the realms of discovery and the securing of expert testimony.").

As currently pleaded, Plaintiff's Complaint demonstrates his ability to articulate essential facts supporting his claim. Thus, at least at this initial pleading stage, the Court finds he appears to have an adequate grasp of the facts supporting his case as well as the

relatively straightforward legal issue involved. *See Terrell*, 935 F.2d at 1017. In fact, as discussed below, Plaintiff's Fourth Amendment excessive force allegations are sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Because Plaintiff has not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1), however, his Motion for Appointment of Counsel (ECF Doc. No. 3) must be **DENIED** without prejudice at this time.

### III.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) & § 1915A(b)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where

the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, the Court finds that Plaintiff's Complaint alleges Fourth Amendment excessive force claims sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).[2] Specifically, Plaintiff claims Defendant "hit [him] 3 times" with his right fist, "broke [his] nose," uttered racial epithets, threatened to "spray his face with [his] tazer spray, and "put[] his knees on [Plaintiff's] back with all his body weight," until Plaintiff alleges he "felt [his] back crack[]" while effecting his arrest. *See* Compl. at 2-3; *Bivens*, 403 U.S. at 395 ("[D]amages may be obtained for injuries consequent upon a violation of the Fourth Amendment by federal officials."); *Moss v. U.S. Secret Serv.*, 711 F.3d 941, 965-66 (9th Cir. 2013) (recognizing in a *Bivens* action, that "Fourth Amendment claims of excessive force are evaluated according to the framework established by *Graham v. Connor*, 490 U.S. 386 (1989)). Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").[3]

---

[2] Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [the defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

[3] Plaintiff is further cautioned that it is his responsibility to "provide[ ] the marshal with sufficient information to serve" the Defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). If Plaintiff is unable to provide the marshal with the information necessary to sufficiently identify and locate

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Appoint Counsel (ECF Doc. No. 3) is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

3. The Warden of USP Lompoc, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Warden, USP Lompoc, United States Penitentiary, 3901 Klein Blvd, Lompoc, California, 93436.

**IT IS FURTHER ORDERED** that:

5. The Clerk shall issue a summons upon Defendant, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant.[4] In addition, the Clerk shall provide Plaintiff with a copy of this Order, and a copy of his Complaint and summons for purposes of serving the Defendant. Upon receipt of this "IFP Package,"

---

the Defendant within 120 days, his action may face dismissal pursuant to FED.R.CIV.P. 4(m). *See Walker,* 14 F.3d at 1421-22.

[4] Because Plaintiff is suing an officer or employee of the United States and/or one of its agencies, he must also serve the United States. *See* FED.R.CIV.P. 4(i)(1), (3). The Clerk is hereby directed to include in Plaintiff's IFP package two separate copies of this Order, summons, and Plaintiff's Complaint, and two additional blank USM Form 285s for Plaintiff's use in serving the United States via the United States Attorney for the Southern District of California and the Attorney General of the United States in Washington, D.C. *See* FED.R.CIV.P. 4(i)(1)(A)(i), (B).

1 | Plaintiff is directed to complete the USM Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon both the Defendant and the United States as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States.

6. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant, or counsel for Defendant, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

Dated: March 19, 2014

HON. ROGER T. BENITEZ
United States District Judge